### VON HESS *v.* MORTON *et al.*

*(Supreme Court, Special Term, New York County. May 17, 1889.)*

WRITS—ORDER OF PUBLICATION—WHEN GRANTED.
    In an action for the possession of railroad bonds it appeared that the companies which had issued the bonds had offices in New York, and had appeared in the action, but the bonds were in France, where some of the defendants who claimed the bonds resided. *Held* that, the court having jurisdiction over the obligors, the subject-matter of the action was within its jurisdiction, and an order of publication as to the non-resident defendants was properly granted.

At chambers. Motion to vacate an order of publication heretofore granted in an action by Christian Von Hess, as executor, against Levi P. Morton and others.

*Noah Davis*, for the motion. *George H. Starr*, contra.

INGRAHAM, J. The plaintiff's testator was domiciled in the city and county of New York, although at the time of his death he was actually in Paris.

Some time prior to his death he was the owner of 60 bonds issued by various railroad companies organized under the laws of the United States and the state of Wisconsin, each of said corporations having an office for the regular transaction of business in the city of New York. The complaint alleges that the defendant Marie Louise Mackaye claims to be the owner of the bonds, and the bonds are in the custody of a firm of brokers in Paris, who are also parties defendant. The complaint demands judgment that the plaintiff is entitled to the immediate possession of the bonds; that the defendants the railroad corporations be enjoined from paying any of the interest coupons upon the bonds, or any of them, or any portion of the principal of the bonds, to the defendants, or either of them, or to any one other than the receiver to be appointed in this action, until the final order or decree of the court, and that a receiver be appointed to collect and receive from the railroad corporations (the defendants) the interest which may accrue and be payable upon the coupons and the aforesaid bonds, and each of them, and so much of the principal as may hereafter, during the pendency of the receivership, become due and payable, subject to the further order or decree of the court. The defendants Marie Louise Mackaye and Theodora Edith Mackaye, being residents of Paris, France, an order was granted by one of the justices of this court for the service of the summons and complaint on such defendants by publication. The defendant Marie Louise Mackaye now moves to vacate the order of publication on the ground that this court has no jurisdiction of the subject-matter of the action. The railroad companies (the obligors) have been served with process. Two of them have appeared and answered, while the third is in default. The defendant relies on the case of *Bryan* v. *Publishing Co.*, 19 N. E. Rep. 825. In that case it is held that, unless a cause of action arises within this state, or the defendants have property therein, and the court has jurisdiction over the subject of the action, neither the person nor the property of a defendant could be affected by any judgment that the court could render.

The object of this action is to determine the title to these obligations of the railroad corporations. The writings which evidence such obligations are in Paris, but the obligors are before the court, and it is to determine to whom that indebtedness is payable that this action is brought. The subject-matter of the action is the indebtedness of the obligors on the bonds, who are the defendants in this action, and as the court has jurisdiction over the obligors it has jurisdiction to determine to whom the money due by them is to be paid. Whether the court will direct the amount due on such obligations to be paid to the plaintiff without the production of the bonds is another question. It has, however, power to say to whom such sums shall be paid by the obligors, and it has thus jurisdiction of the subject-matter of the action. The moving defendant is stated to make a claim to the bonds. If she is entitled to receive the amount that is due by the defendant corporations, she has an interest in such indebtedness, and as such has property within this state that the judgment of this court can affect. The property that was the subject-matter of the action in the case of *Bryan* v. *Publishing Co.* was very different from the property that is the subject-matter of this action. That property consisted of certain copyrights, which is called by the court "an intangible species of property, as the name implies." The crucial test to determine whether or not the property that was the subject of the action was within the jurisdiction of the court was stated in that case to be whether the court had the power to enforce its judgment in relation to the property. It is there said: "If the court directs the assignment to be canceled, how is its order to be made effective? or appoints a receiver, what power will he possess over the defendant,—appellant? or how require her to account for money received? Neither order could be enforced." If the same question is asked in this case, the answer is obvious. The court, having the person of the debtor before it, could require the debtor to pay the amount due to the party to whom it awarded the

ownership of the indebtedness. I think, therefore, that the property that is the subject-matter of the action is within the state and within the jurisdiction of the court, and that the court acquired jurisdiction to grant the order of publication, and the motion to vacate the same must be denied, with $10 costs, to abide the event.